**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**MILO A. JONES,**

    **Plaintiff,**

    v.                                    Case No.  04-3255-JWL

**OFFICER COURTNEY,** *et al.***,**

    **Defendants.**

_____

**MEMORANDUM AND ORDER**

Milo Jones, a prisoner under the supervision of the Kansas Department of Corrections, brings this action under § 1983 alleging that Officers Justin Courtney, (first name unknown) Gaskill and (first name unknown) Chairs ("defendants") used excessive force in violation of his 8th Amendment rights guaranteed by the Constitution.  This matter is currently before the court on defendants' motion to dismiss.  (Doc. # 18).  Defendants argue that dismissal is proper because plaintiff failed to exhaust available administrative remedies before bringing his suit, as he did not file a claim using the form for property damage/loss or personal injury.

The court finds that plaintiff has exhausted his administrative remedies, submitting a grievance to his unit team and appealing the decision to the warden and the Kansas Secretary of Corrections, and therefore, the court denies defendants' motion to dismiss.

**I. Background**

Plaintiff, who was an inmate at the El Dorado Correctional Facility at all relevant times, alleges that on April 21 2004, while being escorted to the outside recreational yard from B-cell house in body and hand restraints, he was abruptly pulled and slammed to the floor by defendant Courtney.  Once plaintiff was on the ground, defendant Courtney jumped on plaintiff's back, with defendant Courtney placing his knee on plaintiff's back and administering a choke hold.  While plaintiff was already on the ground, defendants Gaskill and Chairs applied physical "strongholds" to plaintiff, who was not resisting and already restrained.  Plaintiff alleges that he suffered physical harm caused by defendants' actions.

On April 26, 2004, plaintiff filed a grievance with his unit team alleging that defendants, through their actions of April 21, 2004, committed "unlawful assault" and "excessive force." On May 11, 2004, a member of plaintiff's unit team responded, but this person did not recommend that any action should be taken as a result of plaintiff's allegations.  On May 14, 2004, plaintiff informed his unit team that he was not satisfied with their response, and he wanted the grievance to be forwarded to the warden.  The warden responded to plaintiff's complaint on May 19, 2004, finding that defendants had acted appropriately, but plaintiff was dissatisfied with this response, and he chose to appeal the decision to the Kansas Secretary of Corrections.  In a writing dated July 30, 2004, a designee for the Secretary of Corrections responded to plaintiff's grievance, finding that plaintiff offered no evidence or argument that suggested that the prison staff acted inappropriately on April 21, 2004.

Plaintiff, then, brought this action under § 1983 alleging excessive force, which was filed with the court on August 16, 2004.

## II. Standard for Motion to Dismiss[1]

The court will dismiss a cause of action for failure to state a claim only when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his [or her] claims which would entitle him [or her] to relief," *Aspenwood Investment Co. v. Martinez*, 355 F.3d 1256, 1259 (10th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)), or when an issue of law is dispositive. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and all reasonable inferences from those facts are viewed in favor of the plaintiff. *Adams v. Kinder-Morgan, Inc.,* 340 F.3d 1083, 1088 (10th Cir. 2003). The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

When, as here, a plaintiff is proceeding pro se, the court construes his or her pleadings liberally and holds the pleadings to a less stringent standard than formal pleadings drafted by lawyers. *McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001); *accord Shaffer v. Saffle*, 148 F.3d 1180, 1181 (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). The liberal construction of the plaintiff's complaint, however, "does not relieve the plaintiff of the

---

[1] Defendants' motion, while not specifically made pursuant to Fed. R. Civ. P. 12(b)(6), must be treated as being made per Rule 12(b)(6) because "a complaint that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." *Steele v. Federal Bureau of Prisons,* 355 F.3d 1204, 1210 (10th Cir. 2003) (quotation omitted).

burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* (quoting *Hall*, 935 F.2d at 1110). "Conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id*. (quoting *Hall*, 935 F.2d at 1110).

### III. Analysis

Defendants argue that plaintiff did not file a claim per Internal Management Policy and Procedures ("I.M.P.P.")1-118, which provides a form for filing claims for property damage/loss or personal injury, prior to filing his civil rights suit. Defendants assert that because plaintiff did not file a claim, he has not exhausted administrative remedies available to him, and therefore, his claim must be dismissed.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "available" administrative remedies be exhausted prior to filing an action with respect to prison conditions under § 1983. A prisoner must exhaust the administrative remedies available, even where those remedies would appear to be futile. *Jernigan v. Stuchell,* 304 F.3d 1030, 1032 (10th Cir. 2002). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Id.* The "doctrine of substantial compliance does not apply" to cases arising under PLRA. *Id.*

In deciding a Rule 12(b)(6) motion based on exhaustion of administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e, the Court may consider

4

administrative materials attached to the prisoner's complaint. *See Steele v. Fed. Bur. of Prisons,* 355 F.3d 1204, 1212 (10th Cir. 2003) (citing *Oxendine v. Kaplan,* 241 F.3d 1272, 1275 (10th Cir.2001)). If the prisoner does not incorporate by reference or attach the relevant administrative decisions, "a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *Steele,* 355 F.3d at 1212 (quoting *GFF Corp. v. Associated Wholesale Grocers Inc.,* 130 F.3d 1381, 1384 (10th Cir. 1997)).

Here, defendants argue that plaintiff has neither alleged exhaustion of nor exhausted all of the remedies made available by the Kansas Department of Corrections because he did not file a claim per I.M.P.P. 1-118, which provides a claim form for property damage/loss or personal injury.

The grievance procedure for Kansas state prisoners is described fully in Kansas Administrative Regulations Article 44 Section 15.  K.A.R. § 44-15-102 requires an inmate to first seek "information, advice, or help on any matter" from the inmate's unit team. *See* § 44-15-102(a)(1). If the inmate does not receive a response from the unit team within ten days of submission, he or she may send a grievance report to the warden without unit team signatures. *See* § 44-15-102(a)(2). If the inmate receives a response but does not obtain a satisfactory solution to the problem through the informal process within ten days, he or she may complete an inmate grievance report form and submit it to a staff member to transmit to the warden. *See* § 44-15-102(b). If he or she does not receive a satisfactory response from the warden after filing an appropriate report, the inmate may appeal to the Kansas Secretary of Corrections. *See* § 44-15-102(c)(1).

Plaintiff has exhausted the grievance procedures set out in K.A.R. § 44-15-102, and the materials attached to plaintiff's complaint when it was filed show exhaustion of these procedures. Plaintiff alleges that the events giving rise to his claim took place April 21, 2004. On April 26, 2004, a grievance form with five pages attached, setting out plaintiff's allegations of unlawful assault and excessive force and proposing a resolution to his complaint, was given to plaintiff's unit team. On May 11, 2004, a member of plaintiff's unit team responded, but this person did not recommend that any action should be taken as a result of plaintiff's allegations. *See* § 44-15-102(b). On May 14, 2004, within ten days of the unit team response, plaintiff informed his unit team that he was not satisfied with their response, and that he wanted his grievance to be forwarded to the warden. The warden responded to plaintiff's complaint, not requiring any action be taken, on May 19, 2004, but plaintiff was dissatisfied with this response, and he chose to appeal to the Kansas Secretary of Corrections. *See* § 44-15-102(c)(1). In a writing dated July 30, 2004, a designee for the Secretary of Corrections responded to plaintiff's grievance finding that plaintiff offered no evidence or argument that suggested that the prison staff acted inappropriately on April 21, 2004. Only after exhausting the procedures set out in K.A.R. § 44-15-102, plaintiff brought this action, in August of 2004.

Defendants, however, argue that plaintiff has not exhausted the administrative remedies available to him because he did not file a claim form for property damage/loss or personal injury, failing even to acknowledge that plaintiff has complied with K.A.R. § 44-15-102 or to argue that plaintiff did not comply with this regulation. Defendants cite no authority in support of their argument nor do defendants offer any analysis in support of their argument, and the

6

court disagrees based upon the policy goals of the PLRA and because the information that would have been provided in a claim form for property damage/loss or personal injury was provided in plaintiff's grievance.

Congress enacted the PLRA's exhaustion requirement "to reduce the quantity and improve the quality of prisoner suits." *Porter v. Nussle,* 534 U.S. 516, 524 (2002). Section 1997e(a) effectuates this purpose by "1) allowing prison officials an opportunity to satisfy the inmate's complaint, thus potentially obviating the need for litigation; 2) filtering out some frivolous claims; and 3) creating an administrative record that facilitates review of cases that are ultimately brought to court." *Ross v. County of Bernalillo,* 365 F.3d 1181, 1184 (10th Cir. 2004).

Here, Congress' goals would not be effectuated by finding that plaintiff had failed to exhaust his administrative remedies when he complied with K.A.R. § 44-15-102 but did not file a claim form for property damage/loss or personal injury, as plaintiff submitted his grievance to his unit team, the warden and the Kansas Department of Corrections, where his claim was reviewed, judged on its merits and a record was made before plaintiff brought suit.

Also, defendants received all the information requested in the claim form for property damage/loss or personal injury from plaintiff's grievance. The personal injury form requests information regarding when, where and how an injury occurred, which is sent to the warden for investigation, findings of fact and awarding of damages. In his grievance, plaintiff describes in detail when, where and how he was injured, and plaintiff also asks for monetary relief and remedial medical services. This information was sent to the warden, who refused plaintiff's

requested relief or any other type of relief, believing that officers had not used excessive force. Also, it should be noted that plaintiff's grievance was not denied because he failed to use the claim form for property damage/loss or personal injury, but instead, plaintiff's grievance was denied on its merits.

As plaintiff complied with K.A.R. § 44-15-102, the goals of the PLRA have been achieved, and defendants cannot show a substantive deficiency with plaintiff's grievance, the court finds that plaintiff has exhausted his administrative remedies. Therefore, the court denies defendants' motion for dismissal.

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' motion to dismiss (Doc. # 18) is denied.

**IT IS SO ORDERED** this 7th day of March, 2004.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge