# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**MILO A. JONES,**

      **Plaintiff,**

      v.                                                                   **Case No. 04-3255-JWL**

**JUSTIN COURTNEY, et al.,**

      **Defendants.**

_____

## MEMORANDUM & ORDER

This case concerns a 42 U.S.C. § 1983 claim filed by Plaintiff Milo Jones against three prison officials at the El Dorado Correctional Facility: Officers Justin Courtney,[1] Andrew Gaskill, and James Chairs. Mr. Jones alleges that Officers Gaskill and Chairs violated his Eighth and Fourteenth Amendment rights to be free from unreasonable force by failing to intervene in Officer Courtney's use of excessive force against him. This matter is currently before the court on defendants' motion for judgment on the pleadings (Doc. # 105) and defendants' motion for summary judgment (Doc. # 106). For the reasons explained below, the plaintiff's complaint (Doc. #1) is dismissed without prejudice and the court declines to reach the merits of defendants' motion for summary judgment.

## I.  Federal Rule of Civil Procedure 12(c) Standard

A motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules

---

[1] Officer Courtney failed to appear and default judgment has been entered against him. Officers Gaskill and Chairs are the only remaining defendants.

of Civil Procedure is analyzed under the same standard as a Rule 12(b)(6) motion. *Society of Separationists v. Pleasant Grove City*, 416 F .3d 1239, 1241 (10th Cir. 2005). Thus, judgment on the pleadings is appropriate only when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of [its] claims which would entitle [it] to relief," *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)), or when an issue of law is dispositive, *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and all reasonable inferences from those facts are viewed in favor of the plaintiff. *Beedle*, 422 F.3d at 1063. The issue in resolving such a motion is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quotation omitted); *accord Beedle*, 422 F.3d at 1063.

**II.    Analysis**

In their motion for judgment on the pleadings, the defendants argue that although Mr. Jones has exhausted his administrative remedies with respect to Officer Courtney, he has not done so with respect to the two remaining defendants, Officers Gaskill and Chairs, as required by the Prison Litigation Reform Act. Therefore, they contend, Mr. Jones' claims against them must be dismissed without prejudice. Mr. Jones argues that the "law of the case" doctrine bars the court from addressing this issue, or alternatively, that he has adequately exhausted his administrative remedies with respect to Officers Gaskill and Chairs.

*A.    The "law of the case" doctrine*

The "law of the case" doctrine provides that "when a court decides upon a rule of law, the decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983); *accord Robbins v. Wilkie*, 433 F.3d 755, 764 (10th Cir. 2006). However, the doctrine does not apply until the entry of final judgment. *See Echo Acceptance Corp. v. Household Retail Services, Inc.*, 267 F.3d 1068, 1079 (10th Cir. 2001)(finding district court's ruling on summary judgment motion did not become the "law of the case" until the entry of final judgment); *In re Unioil, Inc.*, 962 F.2d 988, 993 (10th Cir. 1992)("Only final judgments may qualify as law of the case; where a ruling remains subject to reconsideration, the doctrine is inapplicable.").

Clearly no final judgment has been entered in this case; that alone is enough to reject Mr. Jones' argument that the "law of the case" doctrine bars the court from considering defendants' 12(c) motion. Furthermore, the issue currently before the court is different from that previously addressed by the court. Earlier in this case, defendants filed a motion to dismiss (Doc. # 19), setting forth a narrow argument that Mr. Jones had failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a), because he did not file a personal injury claim form pursuant to an internal policy and procedure of the Kansas Department of Corrections. The court denied that motion in its order dated March 7, 2005 (Doc. #24), finding that defendants' argument did not preclude a finding that Mr. Jones had exhausted his administrative remedies. As the plaintiff points out, the court did not limit its finding in that order to a single defendant. However, in making that finding, the court only considered the narrow issue framed in defendants' motion to dismiss. That motion made no

3

particular reference to exhaustion of administrative remedies with respect to Officers Gaskill and Chairs. Accordingly, the court finds that because it has not previously considered the specific issue raised in defendants' motion for judgment on the pleadings, whether administrative remedies have been exhausted with respect to Officers Gaskill and Chairs, it is not bound by its earlier order regarding exhaustion.[2]

The Tenth Circuit has clearly held that exhaustion of administrative remedies as required by 42 U.S.C. § 1997e is a prerequisite of litigation that "requires dismissal where a litigant failed to complete such exhaustion." *Fitzgerald v. Corr. Corp. of America*, 403 F.3d 1134, 1141 (10th Cir. 2005). In consideration of a motion for summary judgment, the Tenth Circuit recently reiterated this requirement, stating that precedent and § 1997e *mandate* dismissal when a plaintiff has failed to exhaust administrative remedies. *Thomas v. Brockbank*, 2006 WL 2879049, at *3 (10th Cir. October 11, 2006) (emphasis added).[3] Furthermore, exhaustion is not an affirmative defense to be raised by the defendant, but rather a pleading requirement imposed on the plaintiff; since it is not an affirmative defense,

---

[2]Even assuming, for argument's sake, that the court did construe its previous order as deciding the exact issue currently presented by defendants in their 12(c) motion, the court has discretion to depart from its previous decision. "A lower court's ability to depart from its own prior decisions is discretionary." *Allison v. Bank One-Denver*, 289 F.3d 1223, 1247 (citing *Prisco v. A&D Carting Corp.*, 168 F.3d 593, 607 (2d Cir. 1999)("discussing the 'second branch' of the law of the case doctrine implicated when a court reconsiders its own ruling 'in the absence of an intervening ruling of a higher court.'").

[3]Pursuant to Tenth Circuit Rule 36.3(B)(1), the court cites this unpublished opinion for its persuasive value.

4

it cannot be waived. *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1209 (10th Cir. 2003). Finally, the Tenth Circuit has specifically contemplated that although the defendant should raise the exhaustion issue as early as possible, it may be raised appropriately even at the summary judgment stage. *See Fitzgerald*, 403 F.3d at 1140 (citing *Steele*, 355 F.3d at 1212).

Based on the Tenth Circuit decisions in *Fitzgerald*, and more recently in *Thomas*, the court must consider whether Mr. Jones has exhausted his administrative remedies before it can proceed to the merits of his § 1983 claim. Because exhaustion cannot be waived, defendants are not precluded from raising a second, different exhaustion argument at this juncture. For these reasons, and those stated above, the court finds it appropriate to proceed to the merits of the defendants' motion for judgment on the pleadings.

B.   *The PLRA exhaustion requirement*

The PLRA provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison or correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is "'mandatory' for all 'inmate suits about prison life.'" *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1207 (10th Cir. 2003)(quoting *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). The Tenth Circuit has also made clear that "[t]o satisfy the PLRA's exhaustion requirement, a prisoner must do more than merely allege he has exhausted administrative remedies." *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1237 (10th Cir. 2005). Therefore, "a prisoner must (1) plead his claims in

compliance with the short and plain statement requirement of Fed. R. Civ. P. 8(a)(2) and (2) 'attach a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.'" *Simmat*, 413 F.3d at 1237 (citing *Steele*, 355 F.3d at 1210)(quotation omitted).

The Kansas Administrative Regulations §§ 44-15-101–106 detail the grievance procedure for Kansas state prisoners, which applies in this case. *See Smith v. Rudicel*, 123 Fed. Appx. 906, 907 (10th Cir. 2005). The first requirement is that the inmate "attempt to reach an informal resolution of the matter" with a unit team member, using the facility's inmate request forms. K.A.R. § 44-15-101(b). If this fails, the inmate shall submit a grievance report form to a unit team member, then to the warden, and if not resolved, finally to the office of the secretary of corrections.. *Id*. at § 44-15-101(d). The inmate may file a § 1983 claim only after he or she exhausts this process of administrative remedy. *Smith*, 123 Fed. Appx. at 907.

Defendants do not dispute that Mr. Jones filed a grievance report with prison officials and ultimately appealed it to the secretary of corrections. Rather, the defendants argue that the *content* of Mr. Jones' grievance report failed to complain of any harm caused by Officer Gaskill or Officer Chairs. Therefore, they contend, Mr. Jones has failed to exhaust his administrative remedies with respect to Officer Gaskill and Officer Chairs.

The Tenth Circuit recently confirmed that "'what things an administrative grievance must contain' is first a 'choice-of -law issue.'" *Kikumura v. Osagie*, 461 F.3d 1269, 1282

6

(10th Cir. 2006)(citing *Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002)). "Since § 1997e(a) does not specify the procedural requirements necessary for exhaustion, 'the rules come from the prison grievance systems themselves–state law for state prisons, federal administrative law for federal prisons.'" *Id.* In *Kikumura*, the Tenth Circuit held that when the regulations governing the grievance procedure are silent, the grievance satisfies the exhaustion requirement in § 1997(e)(a) if "it provides prison officials with enough information to investigate and address the inmate's complaint internally." *Id.* at 1285. However, unlike the Colorado regulations applicable in *Kikumura*, the Kansas regulations applicable in this case are not silent; they specify what information inmates must include in their grievance report. Therefore, the court must first examine the relevant Kansas Administrative Regulations to determine whether the contents of Mr. Jones' grievance report were adequate to exhaust his administrative remedies with respect to Officer Gaskill and Officer Chairs.

K.A.R. § 44-15-102 outlines the procedure for prisoners seeking to submit a formal grievance report. That section states that the inmate grievance report shall contain the following information: "A specific complaint that states . . . who is the subject of the complaint . . . and what effect the . . . person is having on the inmate that makes the complaint necessary[.]" K.A.R. § 44-15-102(b)(1)(A)   The court concludes that although Mr. Jones' grievance report included the names of Officers Gaskill and Chairs, it did not contain any language indicating what effect those officers had on Mr. Jones that made the complaint necessary. Rather, the grievance report focused primarily on the actions of Officer

7

Courtney. Nowhere in his grievance report did Mr. Jones complain about any action, or lack of action, taken by Officer Gaskill or Officer Chairs. Furthermore, the grievance report did not contain any information indicating that Mr. Jones' injuries may have been caused by Officers Gaskill and Chairs failing to intervene.

The court concludes that, with respect to Officers Gaskill and Chairs, Mr. Jones' grievance report failed to comply with the requirements set forth in K.A.R. § 44-15-102; thus, he has failed to exhaust his administrative remedies with respect to those two defendants as required by § 1997e(a). Accordingly, Mr. Jones' complaint must be dismissed without prejudice. Furthermore, the court declines to reach the merits of defendants' motion for summary judgment (doc. #106), finding it moot.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the defendants' motion for judgment on the pleadings (Doc. #105) is granted and plaintiff's complaint (Doc. #1) is dismissed without prejudice. Defendants' motion for summary judgment (Doc. #106) is now moot.

**IT IS SO ORDERED** this 13th day of November, 2006.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge