## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Milo A. Jones,**

   **Plaintiff,**

v.             **Case No. 04-3255-JWL**

**Justin Courtney,**

   **Defendant.**

### <u>MEMORANDUM & ORDER</u>

 This matter is presently before the court on the motion by pro se plaintiff Milo A. Jones for review of the magistrate judge's Memorandum and Order of July 14, 2011 by which the Magistrate Judge denied plaintiff's motion for a hearing in aid of execution of judgment. For the reasons set forth below, the motion for review is denied.

 In September 2007, the court entered default judgment in favor of plaintiff, a former inmate, on his 42 U.S.C. § 1983 excessive force claim against defendant Justin Courtney, a correctional officer. The court awarded plaintiff $20,000 in compensatory damages, $20,000 in punitive damages, and $15,704.64 in attorneys' fees. After defendant failed to make any payments on the judgment, the court conducted a judgment debtor examination of defendant in February 2010. Nonetheless, defendant still has not started making payments on the judgment and neither plaintiff nor plaintiff's former attorneys have been able to locate defendant.

 Perhaps seeking an alternative means to collect his judgment, plaintiff moved for a hearing in aid of execution of judgment pursuant to Federal Rule of Civil Procedure 69(a)

and, in doing so, sought to compel a representative of the Kansas Department of Corrections to appear at the hearing, apparently in an attempt to collect the judgment directly from defendant's employer at the time of the abuse alleged in the underlying action. The magistrate judge denied plaintiff's motion after concluding that the indemnity provisions of the Kansas Tort Claims Act did not permit a plaintiff to take a judgment entered against a State employee and execute that judgment directly against a non-party State employer.

Plaintiff now asks this court to review the decision of the magistrate judge. With respect to a magistrate judge's order relating to nondispositive matters, the district court does not conduct a de novo review; rather, the court applies a more deferential standard by which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to law." *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir.1988)); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The clearly erroneous standard "requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil*, 847 F.2d at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The court has carefully reviewed plaintiff's motion and is not persuaded that the magistrate judge's analysis of the issue is clearly erroneous or contrary to law. The magistrate judge carefully analyzed two Tenth Circuit Court of Appeals opinions in determining that the Circuit, if faced with the issue, would conclude that the indemnity provisions of the KTCA do not permit a plaintiff to execute a judgment entered against a

2

State employee directly against a non-party State employer.  As aptly noted by the magistrate judge, these Tenth Circuit cases reflect the Circuit's view that the policies of indemnification have the primary purpose of lessening the burden on state employees, not of ensuring that prevailing plaintiffs collect on judgments.  Plaintiff has simply not persuaded the court that the magistrate judge misapplied these cases, overlooked any other authoritative cases or otherwise erred in his decision.  His motion to review, therefore, is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion to review the magistrate judge's July 14, 2011 memorandum and order (doc. 212) is denied.

**IT IS SO ORDERED** this 31st  day of August, 2011.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

3