IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MILO A. JONES,                      )
                                    )
              Plaintiff,            )
                                    )
v.                                  )      Case No. 04-3255-JWL
                                    )
JUSTIN COURTNEY,                    )
                                    )
              Defendant.            )

## ORDER

On November 28, 2012, the defendant, Justin Courtney, was arrested on a bench warrant for failure to appear as ordered for a show cause hearing.  He appeared before the undersigned U.S. Magistrate Judge, James P. O'Hara, the same day.  Mr. Courtney was released after some inquiry, and ordered to re-appear on **December 13, 2012, at 4:00 p.m., in Courtroom 236**.

## I.  Procedural History

This matter involves a lengthy post-judgment effort by the plaintiff, Milo A. Jones, to collect a monetary judgment from the defendant, Justin Courtney. Approximately five years ago, Mr. Jones, a Kansas state prisoner, won a default judgment against Justin Courtney, a former correctional officer at the El Dorado Correctional Facility in El Dorado, Kansas.   Mr. Jones was awarded $20,000 in compensatory damages, $20,000 in punitive damages, and $15,704.64 in attorneys' fees.

O:\ORDERS\04-3255-JWL-BW.docx

Since then, Mr. Jones has persistently attempted to execute the judgment but has yet to receive a single payment from Mr. Courtney.

On November 4, 2008, Mr. Jones, proceeding pro se, filed a motion for a hearing in aid of execution (doc. 153).  Mr. Jones was appointed counsel from the law firm of Shook, Hardy, and Bacon to aid with the requested hearing (doc. 155).  Mr. Jones was granted a hearing (doc. 160), and notice was mailed to Mr. Courtney.  The notice was returned as undeliverable because Mr. Courtney had moved from his address of record and had failed to leave a forwarding address.  On March, 30, 2009, counsel for Mr. Jones filed a second motion for a hearing in aid of execution (doc. 170).  Counsel for Mr. Jones then filed two amended second motions for a hearing in aid of execution (docs. 175, 179), each requesting an extension of time for plaintiff's counsel "to continue their attempts to serve Mr. Courtney with the required notice."  The court granted the two amended second motions and, on each occasion, Mr. Courtney was sent notice to appear.  Each time, however, the notice was returned as undeliverable.

On November 2, 2009, the court entered an order for Mr. Courtney to show cause why he should not be held in contempt for failure to appear (doc. 187).  The show cause order was served on an individual at Mr. Courtney's address of record (doc. 189).  Mr. Courtney did not appear before the court at the ordered time, and a bench warrant was issued for failure to appear (doc. 191).  On December 22, 2009, Mr. Courtney was arrested on the bench warrant.  He was released and appeared for a hearing in aid of execution on February 26, 2010 (doc. 195).  Despite appearing for the hearing, Mr.

Courtney subsequently moved and failed to update his address record with the court.  On February 28, 2011, Mr. Jones' attorneys were granted permission to withdraw as they had "exhausted [their] resources in an unsuccessful attempt to locate and contact Mr. Courtney" (docs. 196, 203).

In Mr. Jones's most recent attempt to execute the judgment, he yet again filed a motion for a hearing in aid of execution (doc. 229).  On August 21, 2012, the court held an informal, off-the-record telephone status conference (doc. 241) with Mr. Jones regarding his pending motion for a hearing. The court explained that unless Mr. Jones provided the court with a reliable address of record for Mr. Courtney by September 4, 2012, his motion for a hearing would be denied without prejudice.  On August 28, 2012, Mr. Jones filed a motion for reconsideration of the court's prior order in light of his inability to provide an address for Mr. Courtney (doc. 243). The court granted the motion and scheduled a hearing in aid of execution for October 29, 2012 (doc. 247).  Mr. Courtney was sent notice of the hearing to his address of record via regular and certified mail, but he failed to appear.

An order to show cause why Mr. Courtney should not held in contempt of court for failure to appear was entered on November 8, 2012 (doc. 253).  Again, notice was sent to Mr. Courtney's address of record, but the notice was returned as undeliverable. Mr. Courtney was ordered to appear for a show cause hearing on November 26, 2012, but again he failed to appear.  A bench warrant was issued for Mr. Courtney the same day, and he was arrested pursuant to the warrant on November 28, 2012.

## II.  November 28, 2012 Hearing

At the hearing, Mr. Courtney confirmed that he was, indeed, the same Justin Courtney against whom a judgment had been entered.  Mr. Courtney was admonished for failing to provide an updated address or record, as required by District of Kansas Rule 5.1(c)(3).  The court reminded Mr. Courtney that as long as this case remains pending, he is required to update his contact information with the court.  Mr. Courtney provided the following contact information:

> 15 East 1500 Road
> Baldwin City, KS  66006
> Tel. # 785-727-9368
> jncourtney31@yahoo.com

The court also conducted a preliminary inquiry regarding Mr. Courtney's assets, in preparation for the upcoming debtor's examination.  Mr. Courtney stated that he is currently employed by Cargotec Solutions, LLC in Ottawa, Kansas where he earns $20.45 per hour.  Mr. Courtney stated that he is typically scheduled to work forty hours each week but regularly receives overtime.  He is married, and his wife earns approximately $13–14 per hour.  He and his wife have a blended family, with seven children between them.  Five of the children currently reside with Mr. Courtney and his wife.  Aside from a 1993 model Jeep and a 2003 model van, Mr. Courtney identified no additional assets of value.  He and his wife rent their home.

Based on the information provided, Mr. Courtney is ordered to appear for a debtor's examination on **December 13, 2012, at 4:00 p.m., in Courtroom 236**.  The

court will arrange for Mr. Jones to appear via telephone. At the hearing, Mr. Jones may inquire of Mr. Courtney regarding his financial status and assets, if any, as relevant to the proceedings. If Mr. Courtney fails to appear, the court will re-issue a bench warrant for his arrest.

In light of Mr. Jones's pro se status, the procedural history of the case, and Mr. Courtney's testimony at the November 28, 2012 hearing, the court intends soon to issue an order of continuing wage garnishment to Mr. Courtney's employer.

IT IS SO ORDERED.

Dated November 29, 2012, at Kansas City, Kansas.


 s/ James P. O'Hara
James P. O'Hara
U. S. Magistrate Judge