UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MILO A. JONES,

                Plaintiff,

v.                                                                     Case No. 04-3255-JWL

JUSTIN COURTNEY,

                Defendant,

v.

CARGOTEC SOLUTIONS LLC,

                Garnishee.

## ORDER

Pro se plaintiff Milo A. Jones has filed a motion for hearing in aid of execution (**doc. 279**). In his motion, plaintiff asserts that he is without sufficient knowledge of the location of defendant's assets to advise the sheriff where and on what to levy execution. Therefore, he asks that the court set a hearing in aid of execution with defendant present. In the alternative, plaintiff states that defendant may contact him prior to the hearing to furnish information under oath or penalty of perjury concerning defendant's property and income. For the reasons discussed below, plaintiff's motion is denied without prejudice.

The lengthy procedural history of this case was set forth in the January 9, 2013 order (doc. 272) and will not be repeated here. Suffice it to say, plaintiff obtained a judgment against the defendant, Justin Courtney, in 2007 (docs. 137, 140, and 147).

After defendant failed to appear at multiple scheduled hearings in aid of execution of the judgment, the court issued a warrant for his arrest (doc. 254). Defendant was arrested on November 28, 2012, and appeared that same day before the undersigned U.S. Magistrate Judge, James P. O'Hara (doc. 256). At the hearing, defendant identified Cargotec Solutions, LLC ("Cargotec") as his employer. Based on that information, the court entered a writ of continuing garnishment to Cargotec (doc. 257).

On December 13, 2013, the parties convened before the undersigned for a debtor's examination. Plaintiff appeared by telephone and defendant appeared in person. Plaintiff questioned defendant at length regarding his income and assets that may be used to satisfy the default judgment in this case.

Subsequently, Cargotec filed an answer and an amended answer to the writ of continuing garnishment (docs. 267 and 269). On January 30, 2013, Cargotec filed its second amended answer (doc. 275). Attached to the second amended answer were copies of three continuing garnishment orders[1]—each issued prior to the writ of continuing garnishment issued by this court—under which Cargotec is currently garnishing more than 25% of defendant's disposable earnings.[2] The court reviewed the second amended

---

[1] The three orders are: (1) a child support order issued on April 16, 2011, (2) a child support order issued on December 2, 2011, and (3) an order from the Kansas Department of Revenue issued on August 23, 2012.

[2] *See* 15 U.S.C. § 1673(a) ("[T]he maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed (1) 25 per centum of his disposable earnings for that week, or (2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage .

O:\ORDERS\04-3255-JWL-279.docx

2

answer and found that Cargotec had complied with the writ of continuing garnishment (doc. 276).

On June 25, 2013, plaintiff filed a motion for revivor of judgment (doc. 277). The presiding U.S. District Court Judge, John W. Lungstrum, granted the motion as unopposed (doc. 278). In plaintiff's motion for hearing in aid of execution, he does not indicate that there has been a change of circumstances with respect to defendant's financial situation since the last debtor's examination held less than a year ago. It was determined as recent as January 2013 that Cargotec is garnishing more than 25 percent of defendant's earnings. Plaintiff offers no new information regarding defendant's financial status, assets or wages subject to garnishment. Therefore, plaintiff's motion **(doc. 279)** is denied without prejudice. Plaintiff may re-file his motion if and when he forms a good faith basis to believe there has been a material change in defendant's financial status.

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this order, he may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections to this order by filing a motion for review of this order. Plaintiff must file any objections within the 14-day period if he wants to have appellate review of this order.

---

. . . in effect at the time the earnings are payable [i.e. $7.25 per hour, $217.50 per week], whichever is less."); K.S.A. § 60-2310(b) (setting the same limits).

O:\ORDERS\04-3255-JWL-279.docx

IT IS SO ORDERED.

Dated August 8, 2013, at Kansas City, Kansas.

                                             s/ James P. O'Hara
                                            James P. O'Hara
                                            U. S. Magistrate Judge