UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MILO A. JONES,

               Plaintiff,

v.                                                     Case No. 04-3255-JWL

JUSTIN COURTNEY,

               Defendant,

**<u>ORDER</u>**

Pro se plaintiff Milo A. Jones has filed a motion for hearing in aid of execution of a judgment he obtained against defendant Justin Courtney (ECF No. 290). Because the judgment is currently dormant, the motion is denied without prejudice to refiling.

The lengthy procedural history of this case was set forth in a January 9, 2013 order[1] and will not be repeated here. Suffice it to say, Jones obtained a judgment against Courtney in September 2007 (later amended),[2] which he has been attempting to fully recover for the past twelve years. In matters of aiding execution of judgments, the Federal Rules of Civil

---

[1] ECF No. 272.

[2] ECF Nos. 137, 140, and 147.

Procedure defer to the laws of the state in which the federal district court sits.[3] Consequently, the court looks to Kansas law for guidance on this issue.[4]

Under K.S.A. § 60-2403(a)(1), a judgment becomes dormant "five years from the date of the entry of any judgment in any court" unless the judgment creditor files a renewal affidavit or undertakes execution proceedings, in which case it becomes dormant five years after "the date of the last renewal affidavit or execution proceedings undertaken." If a judgment becomes dormant, K.S.A. § 60-2404 provides that it may nevertheless "be revived and have the same force and effect as if it had not become dormant if the holder thereof files a motion for revivor and files a request for the immediate issuance of an execution thereon . . . within two years after the date on which the judgment became dormant."[5]

In June 2013, presumably because he believed the judgment had become dormant,[6] Jones filed a motion to revive the judgment under K.S.A. § 60-2404.[7] The court granted

---

[3] Fed. R. Civ. P. 69(a).

[4] *O'Connor v. Midwest Pipe Fabricators, Inc.*, 198 F.Supp.2d 1275, 1278 (D. Kan. 2002).

[5] If no action is taken to revive the judgment during the two-year period, "it shall be the duty of the judge to release the judgment of record when requested to do so." K.S.A. § 60-2403(a)(1).

[6] The court questions the accuracy of this belief because Jones did not initiate execution proceedings until November 4, 2008 (ECF No. 153), but the question is neither here nor there at this point.

[7] ECF No. 277.

the motion as unopposed and revived the judgment on July 15, 2013.[8] Plaintiff then filed a motion for hearing in aid of execution of the revived judgment on July 31, 2013.[9] The court reinstated a writ of continuing garnishment on August 23, 2013.[10] The court's last order requiring garnishment of Courtney's wages by his employer was issued on September 19, 2013.[11]

On November 29, 2018, Jones filed a renewal affidavit under K.S.A. § 60-2403(a)(1).[12] The problem for Jones is that because the renewal affidavit was not filed "within five years of the date of [the] order reviving the judgment" (i.e., July 15, 2013) and "five years have intervened between the date of the last . . . execution proceedings undertaken on the judgment [(i.e., September 19, 2013)[13]] and the time of filing another renewal affidavit" (i.e., November 29, 2018), the judgment has become dormant.[14] Thus,

---

[8] ECF No. 278.

[9] ECF No. 279

[10] ECF No. 282.

[11] ECF No. 284.

[12] ECF No. 288.

[13] *See DeKalb Swine Breeders, Inc. v. Woolwine Supply Co.*, 809 P.2d 1223, 1225-28 (Kan. 1991) (construing the statutory language of § 60–2403 and holding that the issuance of a garnishment order starts the running of the five-year period, which is not tolled by pending garnishment proceedings for dormancy purposes).

[14] K.S.A. § 60-2403(a)(1). On February 14, 2014, Jones filed a second motion for revivor of judgment (ECF No. 286), which the court denied as moot given that "there is no dormant judgment to revive in light of the court's July 2013 order reviving the judgment" (ECF No. 287). Because this motion did not seek a hearing in aid of execution of the judgment under

the judgment must be revived under K.S.A. § 60-2404 before the court may grant Jones a hearing in aid of execution of the judgment. As noted above, under K.S.A. § 60-2404, Jones has two years from the date the judgment became dormant to file a "motion for revivor and . . . a request for the immediate issuance of an execution thereon."

IT IS THEREFORE ORDERD that Jones's motion for hearing in aid of execution of judgment is denied. Jones should file a motion to revive the judgment no later than September 19, 2020, should he wish to continue seeking recovery of the judgment.

Jones is hereby informed that, within 14 days after he is served with a copy of this order, he may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections to this order by filing a motion for review of this order. Jones must file any objections within the 14-day period if he wants to have appellate review of this order.

IT IS SO ORDERED.

Dated June 19, 2019, at Kansas City, Kansas.

                                                                 s/ James P. O'Hara
                                                                 James P. O'Hara
                                                                 U. S. Magistrate Judge

---

K.S.A. § 60-2419, it is not construed as an execution proceeding under K.S.A. §§ 60-2403, 60-2404. *See O'Connor*, 198 F. Supp. 2d at 1279-1280. *See also DeKalb Swine Breeders*, 809 P.2d at 1225-28 (holding that pending garnishment proceedings do not toll the time period for dormancy purposes).