UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MILO A. JONES,

                Plaintiff,

v.                                            Case No. 04-3255-JWL

JUSTIN COURTNEY,

                Defendant.

## ORDER AND NOTICE TO APPEAR

Pro se plaintiff Milo A. Jones has filed a motion for hearing in aid of execution of a judgment he obtained against defendant Justin Courtney (ECF No. 295). Courtney has not responded to the motion, and his time for so doing has expired. The court grants the motion, both as unopposed[1] and in accordance with Kan. Stat. Ann. § 60-2419.

In September 2007, Jones obtained a judgment against Courtney,[2] which he has been attempting to recover for the past twelve years. The judgment was most recently revived on June 26, 2019.[3]

---

[1] *See* D. Kan. Rule 7.4(b) ("If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.").

[2] ECF Nos. 137, 140, & 147.

[3] ECF No. 296.

When the court is asked to aid the execution of a judgment, the Federal Rules of Civil Procedure direct the court to follow the laws of the state in which the federal district court sits.[4] Thus, the court looks to Kansas law for the applicable procedures in this matter. Kan. Stat. Ann. § 60-2419 sets forth the procedures for a hearing in aid of execution. Under that provision, a judgment creditor without sufficient knowledge of the debtor's assets to advise the sheriff where and on what to levy execution is entitled to have an order for a hearing in aid of execution.[5] An order for a hearing in aid of execution requires the judgment debtor to appear and answer questions concerning his property and income.[6] If the judgment debtor fails to appear before the court, he is deemed guilty of contempt of court. At that point, the court shall issue a citation requiring the judgment debtor to appear before the court and show cause why he should not be punished for contempt.[7] If, after proper service of the citation, the judgment debtor does not appear or if it appears to the court that the debtor is hiding to avoid the process of the court, the court may issue a bench warrant commanding law enforcement to bring the person before the court.[8]

---

[4] Fed. R. Civ. P. 69(a).

[5] Kan. Stat. Ann. § 60-2419.

[6] *Id.*

[7] *Id.*

[8] *See id.*

Following the procedures outlined in Kan. Stat. Ann. § 60-2419, the court grants Jones's motion for a hearing in aid of execution. Courtney is ordered to appear in person for a debtor's examination on **July 25, 2019, at 10:30 a.m.,** in Courtroom 223 of the United States Court House before U.S. Magistrate Judge James P. O'Hara. The court will arrange for Jones to appear via telephone. The dial-in for the conference-center line, for Jones only, is 888-363-4749, with the access code 8914911 to join the conference. At the hearing, Jones may ask Courtney about his income, assets, and employment.

This notice of the hearing shall be mailed by regular and certified mail both to Courtney's address of record, which again appears to be outdated,[9] and to the address provided by Jones as Courtney's "last address served on record"[10]: 117 Eisenhower Rd., Baldwin, KS 66006.

If Courtney fails to appear, a citation will then be served requiring him to appear and show cause why he should not be held in contempt for failure to appear. If Courtney again fails to appear in response to the show cause order, a bench warrant shall be issued for failure to appear.[11]

---

[9] *See* ECF No. 292 (certified mail addressed to Courtney's address of record returned as undeliverable). Courtney has a history of failing to update his address of record, despite the dictates of D. Kan. R. 5.1(c)(3) and an in-person admonishment and reminder by the court of his obligation to so do. *See* ECF No. 256 at 2-4.

[10] ECF No. 290 at 2. This address also appears to be outdated. *See* ECF No. 298 (certified mail addressed to Courtney's address of record returned as undeliverable).

[11] Unfortunately, the court previously had to resort to issuing a bench warrant for Courtney's arrest based on his failure to appear at a debtor's hearing in this case. *See* ECF

IT IS SO ORDERED.

Dated July 11, 2019, at Kansas City, Kansas.

                                                   s/ James P. O'Hara
                                                   James P. O'Hara
                                                   U. S. Magistrate Judge

---

No. 256.  The court urges Courtney to comply with this order, rather than set in motion the process for a similar arrest.